# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLAUDIO GASTON RODRIGUEZ and MARIA LAURA VARELA DE RODRIGUEZ,**<br>268 Midland Ave<br>River Edge, NJ 07661<br><br>**Plaintiffs**<br><br>-against-<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**<br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br>**Defendant** | **Case No.**<br><br>**COMPLAINT** |

## INTRODUCTION AND SUMMARY

1. This is an action to hold unlawful and set aside the completely baseless decision of the United States Citizenship and Immigration Services denying two otherwise approvable applications for employment authorization solely because plaintiffs CLAUDIO GASTON RODRIGUEZ and MARIA LAURA VARELA DE RODRIGUEZ's (the Rodrguezes') application for asylum has been administrative closed and referred to an immigration judge, neither of which are in any way shape or form even an arguable basis for denial.

## PARTIES

2. The plaintiffs CLAUDIO GASTON RODRIGUEZ and MARIA LAURA VARELA DE RODRIGUEZ are citizens and nationals of Argentina who last entered the U.S. pursuant to the visa waiver program. They reside in the State of New Jersey.

1

3. The United States Citizenship and Immigration Services is the agency with responsibility for the adjudication of CLAUDIO GASTON RODRIGUEZ and MARIA LAURA VARELA DE RODRIGUEZ's applications for employment authorization.

4. CLAUDIO GASTON RODRIGUEZ and MARIA LAURA VARELA DE RODRIGUEZ both have standing to complain of the unlawful denial of their applications for employment authorization because it deprives them of any means of supporting themselves nor maintaining health insurance.

5. This being an action under the Administrative Procedure Act, a law of the United States, this Court has jurisdiction over this matter under 28 U.S.C. Section 1331.

## BRIEF STATEMENT OF PERTINENT FACTS

6. On approximately October 20, 2015 the plaintiffs CLAUDIO GASTON RODRIGUEZ and MARIA LAURA VARELA DE RODRIGUEZ applied for asylum to the USCIS.

7. Recently they applied for employment authorization. pursuant to 8 C.F.R §§ 208.7 & 274a.12(c)(8).

8. However, on September 17, 2019 both their applications were denied because:

> The asylum office administratively closed your case on March 6, 2019 due to lack of jurisdiction. The asylum office did not have jurisdiction over your Form I-589. An applicant, if in proceedings within the Executive Office for Immigration Review (EOIR), may re-file the Form I-589 with the immigration court. A further search of USCIS records does not indicate that you have an asylum application pending with an immigration court.

9. This action ensued

## CAUSE OF ACTION

THE DENIAL OF EMPLOYMENT AUTHORIZATION WAS NOT IN ACCORDANCE WITH LAW IN THAT NEITHER "ADMINISTRATIVE CLOSURE" NOT THE REFERRAL OF ONE'S APPLICATION FOR ASYLUM TO AN IMMIGRATION JUDGE ARE VALID BASES FOR DENIAL

**10. 8 CFR 208.7(a) provides in relevant part that:**

(1) Subject to the restrictions contained in sections 208(d) and 236(a) of the Act, an applicant for asylum who is not an aggravated felon shall be eligible pursuant to §§274a.12(c)(8) and 274a.13(a) of this chapter to request employment authorization. Except in the case of an alien whose asylum application has been recommended for approval, or in the case of an alien who filed an asylum application prior to January 4, 1995, the application shall be submitted no earlier than 150 days after the date on which a complete asylum application submitted in accordance with §§208.3 and 208.4 has been received. In the case of an applicant whose asylum application has been recommended for approval, the applicant may apply for employment authorization when he or she receives notice of the recommended approval. If an asylum application has been returned as incomplete in accordance with §208.3(c)(3), the 150-day period will commence upon receipt by the Service of a complete asylum application. An applicant whose asylum application has been denied by an asylum officer or by an immigration judge within the 150-day period shall not be eligible to apply for employment authorization. If an asylum application is denied prior to a decision on the application for employment authorization, the application for employment authorization shall be denied. If the asylum application is not so denied, the Service shall have 30 days from the date of filing of the employment authorization request to grant or deny that application, except that no employment authorization shall be issued to an asylum applicant prior to the expiration of the 180-day period following the filing of the asylum application filed on or after April 1, 1997.
**(2)** The time periods within which the alien may not apply for employment authorization and within which USCIS must respond to any such application and within which the asylum application must be adjudicated pursuant to section 208(d)(5)(A)(iii) of the Act shall begin when the alien has filed a complete asylum application in accordance with §§208.3 and 208.4. Any delay requested or caused by the applicant shall not be counted as part of these time periods, including delays caused by failure without good cause to follow the requirements for fingerprint processing. Such time periods shall also be extended by the equivalent of the time between issuance of a request for evidence pursuant to §103.2(b)(8) of this chapter and the receipt of the applicant's response to such request.
**(3)** The provisions of paragraphs (a)(1) and (a)(2) of this section apply to applications for asylum filed on or after January 4, 1995.
**(4)** Employment authorization pursuant to §274a.12(c)(8) of this chapter may not be granted to an alien who fails to appear for a scheduled interview before an asylum officer or a hearing before an immigration judge, unless the applicant demonstrates that the failure to appear was the result of exceptional circumstance

11. Neither of the plaintiffs are subject to the restrictions contained in sections 208(d) and 236(a) of the Immigration and Nationality Act, which have absolutely nothing remotely to do with their situation.

12. Neither of the plaintiffs are aggravated felons.

13. Many more than 150 days have passed after the date the plaintiffs filed a completed asylum application in accordance with 8 CFR 208.3 and 208.4 with the USCIS.

14. The plaintiffs asylum application has not been denied. In particular, whatever an "administrative closure" is of an application for asylum is, it is not a denial. In fact, the notice of referral to an immigration judge given to the plaintiffs expressly states that their application for asylum has not been denied.

15. It has been many more than 30 days since the plaintiffs' applications for employment authorization were filed with USCIS.

16. The plaintiffs have not requested or caused any delay in their application for asylum.

17. The plaintiffs have received no request for evidence pursuant to §103.2(b)(8) or any other section of chapter 1 of Title 8 of the Code of Federal Regulations or any other provision of law.

18. The plaintiffs have not failed to appear for a scheduled interview before an asylum officer or a hearing before an immigration judge

19. Neither "administrative closure" nor the referral of one's asylum application to an immigration judge is a lawful basis for a denial of an application for employment authorization under 8 CFR 208.7(a) or any other provision of the statutes, regulations or other law.

20. 5 U.S.C. 706 provides in relevant part that:

> The reviewing court shall—
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

21. The USCIS's decision denying the plaintiffs' applications for employment authorization is not in accordance of law inasmuch as the asserted bases for denial are not in fact bases for the denial of applications for employment authorization based upon asylum;

22. For the reasons stated above, the USCIS has unlawfully withheld and unreasonably delayed the plaintiffs' employment authorization by denying their applications for it on patently frivolous grounds.

WHEREFORE this Court should

1) Hold unlawful and set aside the denial of the plaintiffs' applications for employment authorization; and

2) Compel the USCIS to properly adjudicate the plaintiffs' applications for employment authorization in no more than ten (10) days of an Order of this Court.

Respectfully Submitted

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway Suite 307
New York, NY 10007
646-845-9895