# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CLAUDIO GASTON RODRIGUEZ, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 19-3153 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 3, 6, 8 |
| | : | | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER

### DENYING DEFENDANT'S MOTIONS TO AMEND/CORRECT ORDER; GRANTING IN PART PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

This case was brought against United States Citizenship and Immigration Services ("USCIS") by Claudio Gaston Rodriguez and Maria Laura Varela de Rodriguez, two applicants for asylum in the United States who are seeking employment authorization. *See* Compl. ¶¶ 1-2, ECF No. 1; *see also* 8 C.F.R. § 208.7(a)(1). In March 2019, the asylum office administratively closed their asylum cases due to lack of jurisdiction, but clarified that "administrative closure" is not a denial. Compl. ¶¶ 8, 14. On September 17, 2019, USCIS denied their work authorization applications, citing the asylum office's disposition of their cases. *Id.* ¶ 8.

Plaintiffs filed their Complaint in this case on October 21, 2019. Their main contention is that the asylum office's "administrative closure" is not an adequate justification for the denial of a work authorization application; accordingly, their Complaint asks the Court to set aside USCIS's denials and order USCIS to properly readjudicate the work authorization applications. *Id.* ¶ 22.

On November 6, 2019, Plaintiffs also moved for a preliminary injunction, similarly seeking an order (1) requiring USCIS to readjudicate their applications and (2) enjoining it from withholding employment authorization "for the reason that their application for asylum has been administratively closed by USCIS." Mot. Prelim. Inj. Ex 2 ("Proposed Order"), ECF No. 3-2.

On November 16, 2019, Plaintiffs filed a proposed briefing schedule to govern the disposition of the preliminary injunction motion. USCIS did not file a counter-proposal or opposition, and the Court entered an order adopting Plaintiffs' proposal with slight modifications. *See* Minute Order (November 25, 2019). USCIS failed to file an opposition to the preliminary injunction motion by the adopted deadline (December 4, 2019).

On December 10, 2019, counsel for USCIS entered an appearance in this case. She moved to amend the briefing schedule, such that Plaintiffs' reply would be due on December 19, 2019. *See* Motion to Amend/Correct Order, ECF No. 6; Supplemental Motion to Amend/Correct, ECF No. 8. Counsel explained that she had mistakenly failed to enter an appearance in the case and thus was unaware of the briefing schedule.

Regrettably, the Court is unable to grant Defendant's motions to amend the briefing schedule. It was defense counsel's error not to have entered an appearance in the case, and a delay would result in prejudice or inconvenience to (1) Plaintiffs, who are unable to work during the pendency of this litigation, (2) Plaintiffs' counsel, who has a personal commitment from December 22 until December 29, and (3) the Court, which would have to hear and rule on the case during the holiday week.

Accordingly, the Court will grant Plaintiffs' motion for a preliminary injunction in part. *See* LCvR 7(b) ("If [a] memorandum [in opposition] is not filed within the prescribed time, the Court may treat the motion as conceded.").

Therefore, it is hereby:

**ORDERED** that Defendant's Motion to Amend/Correct Order, ECF No. 6, and Supplemental Motion to Amend/Correct Order, ECF No. 8, are **DENIED**; and it is

**FURTHER ORDERED** that USCIS grant temporary employment authorization to Plaintiffs for 60 days (until and including February 11, 2020) or until the Court resolves the preliminary injunction motion, whichever is later.

**SO ORDERED**.

Dated: December 13, 2019                               RUDOLPH CONTRERAS
                                                       United States District Judge